NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 11 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA GUADALUPE CORTEZ-REYNOSO; AXEL EFRAIN CHAVEZ-CORTEZ,

          Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

          Respondent.

No. 23-2636

Agency Nos.
A215-564-917
A215-564-918

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 9, 2024**
Pasadena, California

Before: GRABER, N.R. SMITH, and NGUYEN, Circuit Judges.

     Maria Guadalupe Cortez-Reynoso, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") decision affirming the

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, and protection under the Convention against Torture ("CAT").[1] We review for substantial evidence the agency's factual findings. *See Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the BIA's determination that Cortez-Reynoso was ineligible for asylum and withholding of removal. The BIA affirmed the IJ's denial of asylum and withholding of removal, because Cortez-Reynoso was not credible. Specifically, the IJ questioned Cortez-Reynoso's credibility because of (1) discrepancies in Cortez-Reynoso's testimony about when she decided to leave Mexico versus when she obtained her passport; (2) inconsistencies in Cortez-Reynoso's testimony and her declaration regarding police involvement; and (3) Cortez-Reynoso's implausible explanation with regard to her reasons for entering the United States through Canada.

On appeal, Cortez-Reynoso challenges only the IJ's findings related to when she obtained her passport. Cortez-Reynoso testified that she obtained her passport days after an incident, which occurred on September 25, 2018. However, Cortez-Reynoso's passport was issued more than a month before that date. This

---

[1] **Error! Main Document Only.**Cortez-Reynoso has one minor child, Axel Efrain Chavez-Cortez, who is a derivative applicant on her application.

discrepancy is not a trivial detail, because it goes to the heart of when Cortez-Reynoso decided to leave Mexico. *See Enying Li v. Holder*, 738 F.3d 1160, 1166 (9th Cir. 2013) (noting that "when and why [the petitioner] applied for a passport are central to determining whether she suffered religious persecution"). The BIA was not required to accept Cortez-Reynoso's explanation that the discrepancy must have been an error made by the Mexican government when there was no evidence that these types of errors are common. *See Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010).

Accordingly, the record does not compel reversing the denial of asylum and withholding.

2. Substantial evidence supports the BIA's denial of CAT relief. Cortez-Reynoso's CAT claim is based on the same noncredible assertions that formed the basis of her asylum and withholding of removal claims. Nevertheless, Cortez-Reynoso may still be entitled to relief under CAT if country conditions compel the conclusion that she would more likely than not be tortured if she returned to Mexico. *Shrestha v. Holder*, 590 F.3d 1034, 1048–49 (9th Cir. 2010).

Cortez-Reynoso generally argues that the agency should have considered the country conditions and the likelihood that she would be tortured on account of her gender. Although the BIA was required to consider all the evidence, which we presume it did, *Szonyi v. Whitaker*, 915 F.3d 1228, 1238 (9th Cir.), *as amended on*

*denial of reh'g*, *Szonyi v. Barr*, 942 F.3d 874 (9th Cir. 2019), it did not need to "discuss each piece of evidence submitted," *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011). Despite Cortez-Reynoso's argument that she will be tortured on account of her gender, she failed to point to any evidence in the record that would compel that conclusion. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet [the CAT] standard."). Therefore, Cortez-Reynoso did not establish that she was entitled to CAT relief.

**PETITION FOR REVIEW DENIED.**